81 F.3d 171
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sharon Mabel DAY, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas H. HUTCHENS, Defendant-Appellant.
 Nos. 95-30011, 95-30012.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 12, 1995.*
Decided April 5, 1996.
 
 Before: WRIGHT, ALARCON, and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sharon Mabel Day and Thomas H. Hutchens were both convicted of one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 371, one count of mail fraud in violation of 18 U.S.C. § 1341, and one count of wire fraud in violation of 18 U.S.C. § 1343. Day was also convicted of one count of credit card fraud in violation of 18 U.S.C. § 1029. Both Day and Hutchens appeal their sentences, arguing that the evidence was insufficient to support the district court's restitution order. Day also argues that the district court erred in departing upward from the Sentencing Guidelines. We affirm the district court's restitution order as it applies to both Day and Hutchens, but we vacate Day's sentence and remand to the district court for resentencing because of the lack of explanation of the reasons for an upward departure of her sentence.
 
 
 3
 We will not repeat most of the facts here because all parties are familiar with them. In their previous appeal, Day and Hutchens appealed their convictions and sentences. We affirmed the convictions, but vacated the restitution orders, holding that there was inadequate evidence to support the inference that three of the alleged victims were defrauded as part of the scheme for which Day and Hutchens were convicted. See United States v. Soderling, 970 F.2d 529, 533 (9th Cir.1992) (holding that restitution can only be ordered for acts that were necessary predicate to scheme for which defendants convicted), cert. denied, 508 U.S. 952 (1993). We also vacated the upward departure of Day's sentence because the district court failed to explain its rationale for the departure.
 
 I.
 
 4
 We are satisfied that sufficient evidence supports the district court's finding that the victims Taylor, Profit, and Velhartky suffered the losses alleged by the government and that they suffered those losses in connection with the conspiracy for which Day and Hutchens were convicted. At the district court hearing held after the remand for resentencing, Agent Lee Scott testified that he either talked to or received a questionnaire from the alleged three victims. All three victims verified that they had advanced funds to Day and Hutchens in 1991. The district court found Agent Scott's testimony to be credible and ordered restitution to Taylor, Velhartky, and Profit.
 
 
 5
 We conclude that the district court did not abuse its discretion in finding that Agent Scott's testimony was credible. See United States v. Petty, 982 F.2d 1365, 1369 (9th Cir.1993) ("The district court's evaluation of reliability is reviewed under an abuse of discretion standard."), amended, 992 F.2d 1015 (9th Cir.1993), cert. denied, 114 S.Ct. 683 (1994). The district court may rely on reliable hearsay in determining whether the offense conduct caused the victim's damages. U.S.S.G. § 6A1.3(a); United States v. Williams, 41 F.3d 496, 499-500 (9th Cir.1994).
 
 
 6
 Further, the district court's finding that the victim's losses occurred as part of the conspiracy for which they were convicted is not clearly erroneous. See United States v. Rice, 38 F.3d 1536, 1540 (9th Cir.1994) (holding that district court's underlying factual findings as to restitution order reviewed for clear error). The Victim and Witness Protection Act authorizes an award of restitution only for "losses caused by the specific conduct underlying the offense of conviction." United States v. Baker, 25 F.3d 1452, 1456 (9th Cir.1994); see also 18 U.S.C. § 3663(a)(1), (2). The indictment alleges that the conspiracy began on or about November 1991. Agent Scott did not specify when in 1991 the alleged misconduct occurred. However, the indictment is general in nature (i.e., on or about November 1991). In fact, Count II for mail fraud alleged that the acts took place on or before November 1991. Moreover, Agent Scott testified that he discovered the identity of these victims as part of the investigation and that the records he found suggested that these victims were caught up in the scheme. Therefore, we conclude that the district court reasonably concluded that it was more likely than not that Taylor, Profit, and Velhartky were defrauded as a part of the conspiracy for which Day and Hutchens were convicted. See Rice, 38 F.3d at 1540 (holding that government has burden of "establishing by a preponderance of the evidence that the victim's damages were caused by the conduct of which the defendant was convicted").
 
 II.
 
 7
 Day also challenges the district court's upward departure from the Sentencing Guidelines. The district court concluded that Day's criminal history was significantly more serious than most defendants with a criminal history of I. See U.S.S.G. § 4A1.3. The district court relied on Day's "[u]ncharged conduct and charged conduct later admitted on grounds unrelated to the merits of the charges ... that is related to fraud and deceit."
 
 
 8
 On appeal, Day concedes that the district court had the legal authority to depart upward and that the district court made sufficient factual findings in support of the aggravating circumstance identified as the basis for departure. See United States v. Lira-Barraza, 941 F.2d 745, 746-47 (9th Cir.1991) (en banc). Day argues, however, that the extent of the upward departure was unreasonable and that the district court failed to explain sufficiently the reasons for the degree of the upward departure from Criminal History Category I to IV. See id. at 751.
 
 
 9
 The district court "must explain in detail the reasons behind the imposition of a particular sentence, analogizing to other guideline provisions." United States v. Hicks, 997 F.2d 594, 599 (9th Cir.1993). Although the district court specified the events in Day's criminal history that it believed were "inadequately represented in the guidelines criminal history calculation," the district court did not "explain the extent of its upward departure by analogy to the guidelines range for defendants in higher criminal history categories." United States v. Streit, 962 F.2d 894, 903 (9th Cir.), cert. denied, 506 U.S. 962 (1992). After listing the events in Day's criminal history that were related to the conduct for which she was convicted, but not accounted for in her criminal history, the district court stated that "an upward departure in the criminal history to V appears appropriate ... but [in order to treat Day like Hutchens] I am going to go to IV." The district court did not explain "why it deemed the intermediate categories ... to be inappropriate." Streit, 962 F.2d at 907. Nor did it "indicate how many additional criminal history points it was assigning" to Day's criminal history calculation. Id.
 
 CONCLUSION
 
 10
 We hold that the district court had authority to depart upward and that the district court's factual findings upon which the departure was based are not clearly erroneous. We vacate Day's sentence and remand, however, for resentencing so that the district court may explain the extent of any upward departure it decides to make. Id. Hutchens's sentence is affirmed.
 
 
 11
 No. 95-30012 AFFIRMED.
 
 
 12
 No. 95-30011 SENTENCE VACATED; REMANDED FOR RESENTENCING.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3